UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE S. MCLENDON,

    Plaintiff,

v.

    Case No. 2:09-cv-206
    HON. ROBERT HOLMES BELL

WAL-MART STORES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Christine S. McLendon filed this civil rights action pursuant to 42 U.S.C. § 2000e to 2000e-17 against Defendants Wal-Mart Stores and War Memorial Hospital. Plaintiff asserts in her complaint that she was mistreated by employees at Wal-Mart. Plaintiff states that pharmacy personnel lied when Plaintiff called about refilling a prescription, falsely asserting that they could not transfer the call. Plaintiff further states that an employee in the Wal-Mart deli put his or her finger in Plaintiff's potato salad and used unsanitary practices when Plaintiff asked to sample the potato salad. Plaintiff asserts that this conduct was motivated by a desire to discriminate against her on the basis of her race.

Plaintiff further asserts that she was discriminated against at War Memorial Hospital on August 9, 2007. Plaintiff states that on this date, she slipped and fell because personnel failed to post any signs warning of the wet floor. Plaintiff claims that "the caucasion race in the upper peninsula treat black people differently in most cases I encountered with them." Plaintiff alleges that on July 21, 2008, War Memorial Hospital employee Kellie Dane stated that she would contact the insurance company, but Plaintiff never heard anything more. In addition, Plaintiff states that

employees lied to her and promised to return her phone calls, but then failed to follow through with their promises.

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

Initially, the undersigned notes that 42 U.S.C. § 2000e *et seq*. governs employment discrimination actions. Plaintiff is not alleging that she was discriminated in the course of her employment. Therefore, Plaintiff does not have a cause of action under this statute. Should she desire, Plaintiff may amend her complaint within the time allowed for filing objections to the report and recommendation in order to set forth a valid basis for her claims.

Moreover, the allegations in the Plaintiff's Complaint are broad, conclusory statements which are not supported by sufficient facts to deserve serious consideration. *See*, e.g., *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989), *cert. denied*, 494 U.S. 1079 (1990); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-437 (6th Cir. 1988); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *James v. Rumsfeld*, 580 F.2d 224 (1978); *Place v Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971); *Blackburn v Fisk University*, 443 F.2d 121 (6th Cir. 1971). Plaintiff fails to allege any facts showing that any of the complained of actions were motivated by a desire to discriminate against her on the basis of her race. The undersigned therefore recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: November 24, 2009